IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

DONNA THOMAS,

    Plaintiff,

vs.          CASE NO.:

COMMERCIAL RECOVERY SYSTEMS,
INC.; "MRS. JACK"; and
"ONE OR MORE JOHN OR JANE
SMITHS",

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
### (Unlawful Debt Collection Practices)

### PART I: INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts; and the Florida Consumer Collection Practices Act, Chap. 559, Florida Statutes ("FCCPA"), which prohibits all persons from engaging in abusive, deceptive and unfair practices

in the collection of consumer debts.

2. The debt sought to be collected by the defendants herein was a consumer debt within the meaning of the FDCPA and the FCCPA.

3. The plaintiff has retained the below-signed attorneys and is obligated to pay them a reasonable fee for their services.

## PART II: JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C., § 1337; supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

5. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## PART III: PARTIES

6. Plaintiff Donna Thomas ("Mrs. Thomas") is a natural person residing in Hillsborough, Florida, which is in the Middle District of Florida, Tampa

Division.

    7. The defendants herein are as follow:

        a. Commercial Recovery Systems, Inc. is a corporation established under the laws of the state of Texas with its headquarters being located in Dallas, Texas.

        b. "Mrs. Jack" is believed to be a natural person who at all times material hereto acted as an agent or representative of defendant Commercial Recovery Systems, Inc. It is unknown at this point where this person resides or whether this is a true person's name or a false "desk name."

        c. Defendants "one or more John or Jane Smiths" are employees or agents of defendant Commercial Recovery Systems, Inc., whose true names are unknown at this time, but are expected to be identified and added as parties defendant as discovery proceeds.

    8. All defendants are "debt collectors" as defined by the FDCPA at 15 U.S.C., Section 1692a(6).

All defendants are subject to the provisions of the FCCPA.

### PART IV: FACTUAL ALLEGATIONS

9. The plaintiff has been the object of consumer debt collection activity by the defendants, which activity occurred within one year prior to the date of filing this action.

10. In the course of the above-said consumer debt collection activity, the defendants have engaged in or committed one or more acts or omissions in violation of one or more provisions of both the FDCPA and the FCCPA.

### COUNT I: CLAIM FOR VIOLATIONS OF FDCPA

11. Plaintiff realleges and incorporates herein by reference the paragraphs contained in Parts I, II, III, and IV above.

12. As a result of violating the FDCPA, all defendants are liable to the plaintiff for statutory damages of $1,000.00 per defendant, together with actual damages, costs, and attorneys fees, all as

provided in 15 U.S.C. § 1692k.

### COUNT II: CLAIM FOR VIOLATIONS OF FCCPA

13. Plaintiff realleges and incorporates herein by reference the paragraphs contained in Parts I, II, III, and IV above.

14. As a result of violating the FCCPA, all defendants are liable to the plaintiff for statutory damages of $1,000.00 per defendant, together with actual damages, costs, and attorneys fees, all as provided at § 559.77, Florida Statutes.

15. The FCCPA, at § 559.77(2), Fla. Stat., provides for the imposition of punitive damages against offending parties within the discretion of the Court, and such damages may be claimed by the plaintiff now. Cohen v. Office Depot, 184 F.3d 1292 (11th Cir. 1999); reaffirmed, Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000). The plaintiff accordingly requests that the Court exercise such discretion and impose punitive damages on the defendants herein upon the showing of abuse and

harassment of the plaintiff through various violations of both the FDCPA and the FCCPA.

WHEREFORE, plaintiff demands judgment against the defendants, as indicated above, for the following:

    a. Actual damages and statutory damages pursuant to 15 U.S.C. § 1692(k);

    b. Actual and statutory damages pursuant to § 559.77, Fla. Stat.;

    c. Punitive damages pursuant to § 559.77(2);

    d. Costs and attorneys' fees pursuant to both 15 U.S.C. § 1692 and § 559.77(2), Fla. Stat.;

    e. Such other and further relief as the Court may deem to be just and proper.

    f. Plaintiff demands trial by jury in this action.

                  s/ Timothy Condon
                  TIMOTHY CONDON, TRIAL COUNSEL
                  FBN  217921  Email tim@timcondon.net
                  FREDERICK W. VOLLRATH, CO-COUNSEL
                  FBN 165812  Email fredvollrath@aol.com
                  VOLLRATH-CONDON, P.A.
                  P.O. Box 1007, Tampa, Florida 33601
                  Tel. 813-251-2626  Fax 813-254-2979

COUNSEL FOR PLAINTIFF