UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA THOMAS,

    Plaintiff,

v.                                              Case No:   8:07-cv-1104-T-23MAP

COMMERCIAL RECOVERY SYSTEMS,
INC., et al.,

    Defendants.
_____/

**<u>ORDER</u>**

The plaintiff sues (Doc. 4) the defendant JPMorgan Chase Bank, N.A., ("JPMC") for violating the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). The plaintiff attaches to the amended complaint a January 17, 2006, letter (Doc. 4, Ex. A) from JPMC to the plaintiff. The letter notifies the plaintiff that she owes $17,137.09 on an installment contract for the purchase of a truck. JPMC filed a counterclaim (Doc. 14), alleging that the plaintiff breached the contract by failing to pay the debt and failing to insure the truck. The plaintiff moves (Doc. 17) to dismiss the counterclaim and argues that her debt in no way relates to JPMC's alleged use of an abusive and deceptive debt collection practice. JPMC responds (Doc. 22) it must assert the counterclaim because it "arises out of the same core of operative facts." "Specifically, Plaintiff alleges JPMC violated the FDCPA when it mailed her the Deficiency Notice. That same notice specifies and establishes the claim made by JPMC in the Counterclaim." (Doc. 22 at 5) Alternatively, JPMC argues that it has

brought a permissive counterclaim and requests the exercise of supplemental jurisdiction. (Doc. 22 at 5-9)

Pursuant to Rule 13(a), Federal Rule of Civil Procedure, a counterclaim is compulsory if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." In other words, a counterclaim is compulsory if "the same operative facts serve as the basis of both claims or the aggregate core of facts upon with the claim rests activates additional legal rights, otherwise dormant, in the defendant." Republic Health Corp. v. Lifemark Hosps. of Fla., Inc., 755 F.2d 1453, 1455 (11th. Cir. 1985) (internal citation and quotation omitted). JPMC's counterclaim is not compulsory because the plaintiff's FDCPA and FCCPA claims relate to an abusive or deceptive debt collection practice, while the counterclaim relates to the breach of a contractual duty. The claims and counterclaim do not arise out of the same transaction or occurrence. See Fed. R. Civ. P. 13(a).

Any counterclaim that is not compulsory is permissive. See Fed. R. Civ. P. 13(b). Supplemental jurisdiction may be exercised over a permissive counterclaim "so related" to the other claims in an action that together they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The FDCPA and FCCPA claims and the breach of contract claim arise from "a common nucleus of operative fact," the plaintiff's debt. See Bakewell v. Federal Fin. Group, Inc., No. 1:04-CV-3538, 2006 WL 739807, *4 (N.D. Ga. March 21, 2006). The breach of contract claim is a permissive counterclaim.

Supplemental jurisdiction over a permissive counterclaim may nonetheless be declined if "(1) the claim raises a novel or complex issue of State law, (2) the claim

- 2 -

substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." None of these reasons provides a valid basis for declining supplemental jurisdiction over JPMC's counterclaim. Instead, considerations of fairness and judicial economy require adjudication of the counterclaim. The plaintiff's motion (Doc. 17) to dismiss the counterclaim is **DENIED**.

ORDERED in Tampa, Florida, on April 1, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE