UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA THOMAS,

     Plaintiff,

v.                                    Case No:   8:07-cv-1104-T-23MAP

COMMERCIAL RECOVERY SYSTEMS, INC., et al.,

     Defendants.
_____/


**O R D E R**

The plaintiff sues (Doc. 4) Commercial Recovery Systems, Inc., ("CRS") several

unnamed employees of CRS, and JPMorgan Chase Bank, N.A., ("JPMC") for violating

the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962, and the Florida

Consumer Collection Practices Act ("FCCPA"), section 559.72, Florida Statutes.  JPMC

counterclaims (Doc. 14) for breach of contract.  A September 19, 2008, order (Doc. 41)

grants JPMC's motion (Doc. 33) for summary judgment on both of the plaintiff's claims

and on JPMC's counterclaim.  However, the order denies the motion for summary

judgment as to JPMC's damages on the counterclaim.  The plaintiff moved (Doc. 43) to

amend the complaint, but an October 20, 2008, order (Doc. 45) denies the motion.  The

defendant CRS moves (Doc. 46) for summary judgment, and the plaintiff responds in

opposition (Doc. 59).

<u>Factual Background</u>

JPMC is an automobile finance company.  In 2004, Bank One, N.A., ("Bank One") merged with JPMC.  In October, 2002, the plaintiff executed a retail installment contract with Bank One, N.A., ("Bank One") to finance and purchase an automobile.  The plaintiff paid on the contract until September, 2005, when the automobile was in an accident. Pursuant to the contract, JPMC recovered the vehicle after the accident and sold the vehicle at auction for $1,200.

On January 17, 2006, JPMC sent a deficiency notice (Doc. 4, Ex. "A") (the "deficiency letter") to the plaintiff notifying her of the sale and requesting the balance ($17,137.09) due on the account.  On April 22, 2006, JPMC forwarded the plaintiff's account to CRS.  CRS sent the plaintiff a dunning letter (Doc. 57-3) (the "first demand letter") asserting that the plaintiff owes "Bank One Credit Company" $17,734.24.  On May 23, 2006, CRS sent the plaintiff a second letter (Doc. 57-3) (the "second demand letter"), which states that the plaintiff owes Bank One $19,237.99.  On July 22, 2006, CRS sent the plaintiff a third dunning letter (Doc. 4, Ex. "B") (the "third demand letter"), which also states that the plaintiff owes $19,237.99 to Bank One.  The plaintiff alleges that CRS engaged in abusive, deceptive, and unfair practices in the collection of a consumer debt in violation of the FDCPA and the FCCPA.

<u>Standard of Review</u>

Summary judgment is proper if the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Rule 56(c), Federal Rules of Civil Procedure.  A disputed fact is material if the fact "might affect the outcome of the suit under the governing law." <u>Anderson v. Liberty</u>

Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248.  The movant bears the burden of establishing the absence of a dispute over a material fact. Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465, 469 (11th Cir. 1993).

If the party opposing summary judgment has the burden of proof at trial, the movant may discharge the initial burden by identifying a specific portion of the record that shows the absence of evidence to prove the opposing party's case at trial. Alternatively, the movant may offer "affirmative evidence demonstrating that the non-moving party will be unable to prove its case at trial." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437-38 (11th Cir. 1991).  Summary judgment is denied if the movant fails to meet the burden.

If the movant meets the initial burden, the burden shifts "to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  If the opposing party fails to show an issue of material fact on which it has the burden of proof at trial, the movant enjoys summary judgment. Four Parcels of Real Property, 941 F.2d at 1438.  The evidence and factual inferences from the evidence are viewed most favorably to the party opposing summary judgment. Reynolds, 989 F.2d at 469. However, when "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in [Rule 56, Federal Rules of Civil Procedure]—set out specific facts showing a genuine issue for trial.  If the

opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  Rule 56(e)(2), Federal Rules of Civil Procedure; see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

The Fair Debt Collection Practices Act

The FDCPA prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  The Act applies only to "debt collectors."  Pursuant to the FDCPA, "debt collector" means:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).  Neither party disputes that CRS is a debt collector within the meaning of the act.

Employing an objective standard, the FDCPA prohibits a debt collection practice that deceives the "least sophisticated consumer."  Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172 (11th Cir. 1985).  This standard protects "the gullible as well as the shrewd." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1998).  However, the standard also protects a debt collector "against liability for bizarre or idiosyncratic interpretations of collection notices" by the debtor. Clomon, 988 F.2d at 1319-20 ("[E]ven the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.").

The plaintiff alleges that CRS violated the FDCPA by (1) engaging "in consumer debt collection activity in the State of Florida while not being registered to do so as

required by Florida law," (2) failing to notify the plaintiff within thirty days of JMPC's assignment to CRS of the plaintiff's debt, and (3) sending an initial collection letter that "fails to comply with 15 U.S.C. § 1692g either through failure to include the required validation language entirely or through unlawful overshadowing."  (Doc. 4, ¶ 10)

*Registration*

Section 559.553, Florida Statutes, requires a consumer collection agency, before attempting to collect a debt in Florida, to register annually with the state.  The plaintiff alleges that CRS failed to register with the state before attempting to collect the debt from the plaintiff.  The plaintiff alleges that CRS's failure to register violates 15 U.S.C. § 1692(e)(5) and (10).  Section 1692(e)(5) prohibits a debt collector's threatening "to take any action that cannot legally be taken or that is not intended to be taken."  Section 1692(e)(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Attached to the motion for summary judgment is a copy of CRS's registration with the state of Florida.  The registration became effective on January 1, 2006, and expired on December 31, 2006.  (Doc. 46-3).  In a sworn affidavit, CRS's Vice-President of Marketing testifies that CRS was registered with the state of Florida for 2006, and that "[t]he fact that CRS was duly registered with the State of Florida was disclosed to Plaintiff's counsel repeatedly during the pendency of this lawsuit, if not, before the lawsuit was filed."  (Doc. 46-2)  The plaintiff argues that a genuine issue of material fact exists because "the document does not show <u>when</u> CRS registered, nor does it indicate

whether or not a consumer debt collector may register after-the-fact."[1]  (Doc. 59 at 10) (emphasis in original).  In an unsworn declaration (Doc. 60), the plaintiff's counsel states that in June, 2007, he searched the website of the Florida Office of Financial Regulation and that his search indicated that CRS was not registered as a consumer debt collector as of June, 2007.

The plaintiff fails to show a genuine issue of material fact whether CRS was registered as a consumer debt collection agency in 2006.  The plaintiff fails to contest the validity of the registration (for example, by arguing that the registration is forged), and the plaintiff's argument that the registration fails to show when CRS registered lacks merit.  Section 559.555, Florida Statutes, which prescribes the procedure for registering under section 559.553, provides, "Renewal of registration shall be made between October 1 and December 31 of each year."  The plaintiff offers no evidence to support the argument that CRS retroactively registered.  Neither speculation nor an ad hoc internet search in 2007 raises a genuine factual dispute about CRS's registration in 2006.

*Notice of Assignment*

Section 559.715, Florida Statutes, requires an assignee of a consumer debt to notify the debtor of the assignment within thirty days.  The plaintiff argues that CRS's failure to notify the plaintiff of the assignment violates 15 U.S.C. § 1692(e)(5) and (10).

---

[1] This claim's lack of merit is apparent from the plaintiff's first motion to amend, in which the plaintiff states, "it has come to the attention of counsel for the plaintiff that the previous claims in the first amended complaint relating to the failure of CRS to register with the Florida Department of Banking, as well as the claim relating to failure to provide validation language by CRS to [the plaintiff] are not well-founded."  (Doc. 43 at 1-2) (The plaintiff retracts this statement in the response to CRS's motion for summary judgment. See (Doc. 59 at 14))

Although the parties dispute whether the plaintiff's debt was actually ever "assigned" to CRS, neither party disputes that CRS sent the plaintiff a letter on April 22, 2006—the day JPMC "assigned" the plaintiff's debt to CRS—informing the plaintiff that the plaintiff's account "has been assigned to COMMERCIAL RECOVERY SYSTEMS for collection." (Doc. 47) Thus, even if section 559.715 applies, CRS notified the plaintiff within thirty days of the "assignment." Accordingly, the plaintiff fails to raise a genuine factual about CRS's compliance with section 559.715, Florida Statutes.

*Initial Communication*

Finally, the plaintiff argues that CRS violated the FDCPA because the July 22, 2006, demand letter lacks the disclosure required by 15 U.S.C. § 1692g. However, section 1692g requires certain disclosure accompanying (or within five days after) a debt collector's initial communication with a debtor. As the plaintiff admits (Doc. 59 at 15), this claim lacks merit because the July 22, 2006, letter was CRS's third letter to the plaintiff, and the first demand letter (on April 22, 2006) contains the language required by section 1692g.

Because CRS was a registered consumer collection agency in 2006 and notified the plaintiff of the assignment of the debt, the plaintiff fails to show a genuine issue of material fact concerning any of the plaintiff's FDCPA claims. Accordingly, CRS's motion for summary judgment on Count I is **GRANTED**.

<u>The Florida Consumer Collection Practices Act</u>

The plaintiff asserts that CRS violated section 559.72(9), Florida Statutes, by failing to notify the plaintiff within thirty days of the "assignment" of the plaintiff's debt from JPMC to CRS. <u>See</u> § 559.715, <u>Fla.</u> <u>Stat.</u> In the summary judgment motion, CRS

- 7 -

argues that section 559.715 creates no private right of action and that the plaintiff may not use section 559.72(9) to circumvent the statutory scheme.

"In general, a statute that does not purport to establish civil liability . . . will not be construed as establishing a civil liability." Murthy v. N. Sinha Corp., 644 So. 2d 983, 986 (Fla. 1994). The FCCPA creates a civil remedy only for a violation of § 559.72. See § 559.77, Fla. Stat. ("A debtor may bring a civil action against a person violating the provisions of s. 559.72 in a court of competent jurisdiction . . . ."). Absent an indication of legislative intent to create a private cause of action for a violation of § 559.715, "such a remedy may not be judicially engrafted onto the FCCPA." McCorriston v. L.W.T., Inc., No. 8:07-cv-160-T-27EAJ, at 5 (M.D. Fla. June 14, 2007) (order granting motion to dismiss).  The plaintiff attempts to avoid the statutory scheme by alleging that CRS's violation of section 559.715 constitutes an unlawful attempt to enforce a debt pursuant to section 559.72(9).  The plaintiff fails to show a legislative intent to provide a civil remedy for violation of the notice provision.[2]  Accordingly, CRS's motion for summary judgment on Count II of the amended complaint is **GRANTED**.

### Conclusion

In sum, the plaintiff fails to present any credible evidence creating a genuine issue of material fact, and CRS's motion for summary judgment (Doc. 46) is **GRANTED**.  For the reasons stated in the October 20, 2008, order (Doc. 45) denying the plaintiff's first

---

[2] The amended complaint fails to allege that CRS's attempt to collect a debt while unregistered violates the FCCPA.  However, the reasons stated for refusing to judicially create a private cause of action for a violation of section 559.715 apply with equal force to an attempt to create an action under section 559.553.  See Conner v. BCC Fin. Mgmt. Servs., 489 F. Supp. 2d 1358, 1361 (S.D. Fla. 2007).

motion to amend the complaint, the plaintiff's renewed motion (Doc. 57) to amend the complaint is **DENIED**.

ORDERED in Tampa, Florida, on December 16, 2008.

_____
**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**